NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007[*]
Decided May 3, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2318

| | |
|---|---|
| JOSEPH A. TAYLOR,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>STANLEY KNIGHT,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division<br><br>No. 05 C 125<br><br>Richard L. Young,<br>*Judge.* |

## ORDER

Joseph Taylor was incarcerated at the Pendleton Correctional Facility in Indiana when he filed for a writ of habeas corpus, *see* 28 U.S.C. § 2254, claiming that prison officials improperly disciplined him for refusing to accept a housing reassignment. Taylor requested that counsel be appointed to represent him, but the district court, in a written order, denied that request. The court eventually denied the petition because Taylor's disciplinary conviction was supported by evidence and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

he was afforded sufficient process. Taylor appeals that judgment but challenges only the denial of his request for appointed counsel. We affirm.

Taylor argues that the district court erred by denying his request for appointed counsel "without giving reasons on the record or by written statement." A litigant is not entitled to appointed counsel in a federal postconviction proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005), though a district court may appoint counsel if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). We review for abuse of discretion a district court's refusal to appoint counsel for an indigent petitioner in a habeas corpus case. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Accordingly, we will reverse only if, given the difficulty of the case and the petitioner's ability, he could not obtain justice without a lawyer and he would have had a reasonable chance of success if he had been represented by counsel. *Id.*

Here, Taylor does not challenge the district court's ultimate determination that appointed counsel was not merited; he simply argues that the district court failed to explain itself. But the record shows otherwise. In its written order denying the motion for appointment of counsel, the court explicitly found that Taylor's claims were not particularly complex and that Taylor had litigated many similar claims before. The court added that Taylor appeared to be informed about the facts and proceedings, was able to express himself in an understandable fashion, and showed no particular impediment to his trying the case himself. Moreover, the record demonstrates that Taylor's underlying claims lacked merit, a conclusion reached by the district court and not even challenged on appeal. Thus, appointed counsel would not have made a difference in the outcome. The district court acted well within its discretion in denying Taylor's request for appointed counsel.

AFFIRMED.